UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HAROLD WYMS, individually and on behalf of all others similarly situated, | )<br>)  Case No. _____<br>) |
| Plaintiff, | )  **JURY TRIAL DEMANDED**<br>) |
| v. | )<br>) |
| STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a PROLOGISTIX | )<br>)<br>) |
| Defendant. | ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Harold Wyms, individually and on behalf of all others similarly situated, for his Complaint against defendant Staffing Solutions Southeast, Inc. d/b/a Prologistix ("ProLogistix"), alleges as follows:

**Nature of Case**

1. ProLogistix has supplied hundreds of its hourly employees as forklift operators to warehouse and shipping facilities in Edwardsville, Illinois ("the Edwardsville Facilities") currently operated by Shenker, Inc. ("Schenker") and previously operated by UTi Worldwide, Inc. ("UTi"). To reduce costs, Schenker and UTi engaged in an unlawful system of "one-way time rounding" while simultaneously mandating that their forklift operators arrive before their shift to perform preparatory, integral and indispensable tasks. The net result of these policies and practices was that the forklift

1

operators' time spent performing such tasks was "rounded away" and thus went unpaid. Prologistix was fully aware of this practice as it occurred, and participated in such practice by knowingly failing to pay for time spent performing the preparatory work tasks. Simply stated, while ProLogistix's employees were seemingly "on the clock," Schenker and UTi rounded the time clock entries to delete this time, and ProLogistix knowingly failed pay them for that work time. This practice violates the Fair Labor Standards Act ("FLSA") and Illinois law.

## Jurisdiction and Venue

2. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated forklift operators employed by ProLogistix at the Edwardsville Facilities within the last three (3) years.

3. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Plaintiff brings Counts II of this lawsuit as a class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated forklift operators employed by ProLogistix at the Edwardsville Facilities within the last three (3) years.

5. Plaintiff brings Counts III and IV of this lawsuit as a class action under Illinois common law and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly

situated forklift operators employed by ProLogistix at the Edwardsville Facilities within the last five (5) years.

6. Illinois law authorizes court actions by private parties to recover damages for violation of the overtime provisions of the IMWL. 820 ILCS § 105/12(a). Jurisdiction over the state law claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. §§ 1332(d)(2) and 1367 and 820 ILCS § 105/12(a).

7. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because ProLogistix conducts business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

**Parties**

8. Plaintiff Harold Wyms is a resident of the City of St. Louis, Missouri who was employed by ProLogistix as a forklift operator at the Edwardsville Facilities from approximately March 2011 to July 2012. Plaintiff Wyms' consent to be a party plaintiff to an FLSA action is attached hereto as "Exhibit 1."

9. Defendant ProLogistix is a Georgia corporation that has supplied forklift operators to the Edwardsville Facilities, which is located within the Southern District of Illinois.

**General Allegations**

10. ProLogistix, via Schenker and UTi, has required Plaintiff and similarly situated employees to perform work before their paid shifts without compensation. These

3

employees consistently worked "off the clock" and without pay, and are thus entitled to compensation for the time spent working before their paid shifts.

11. ProLogistix has paid Plaintiff and other forklift operators on an hourly basis and classified them as "non-exempt" under the FLSA.

12. Schenker and UTi have required forklift operators to start work before the beginning of their paid shifts, including locating forklifts, inspecting forklifts, completing inspection documents, changing forklift batteries or refueling forklifts, logging into computer systems and applications, obtaining supplies, and driving or walking to assigned work areas.

13. Daily forklift inspections performed during unpaid time include starting the forklift, checking battery power or fuel level, checking the power line, checking operating controls, checking hydraulics, visual inspection for damage and tire condition, logging mileage, ensuring operation of the on-board computer, and completing an inspection form including reporting of exceptions.

14. Changing forklift batteries encompasses donning a protective face shield and apron, disconnecting and removing an insufficiently-charged battery, delivering that battery for charging, and installing a replacement battery.

15. All such tasks are substantial, preparatory, integral and indispensable to performing the assigned job duties of Plaintiff and others similarly situated.

16. While part of such duties have been seemingly performed "on the clock" and another part have been performed "off the clock," ProLogistix avoided paying for time that Plaintiff and other forklift operators spent "on the clock" through a system of "one way time rounding," implemented and administered by Shenker and UTi, and known to Prologistix.

17. Neither Schenker, UTi nor Prologistix accurately recorded all time worked by these forklift operators, and specifically did not include time these employees spent performing work before their paid shift and during unpaid lunch breaks.

18. Prologistix was fully aware of the policies and practices implemented and administered by Shenker and UTi, described above, and Prologistix knowingly paid its employees according to such policies and practices.

19. The net effect of the policies and practices utilized by Schenker and UTi, and known, accepted and exploited by ProLogistix, is that ProLogistix willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and/or payroll records to save payroll costs. ProLogistix thus enjoyed substantial ill-gained profits at the expense of its hourly employees.

### Collective and Class Action Allegations

19. Plaintiff brings Count I (the FLSA claim) as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all ProLogistix's hourly-paid forklift operators employed in Edwardsville, Illinois who file a consent to join form with the Court.

20. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, ProLogistix's practice of failing to pay for all regular and overtime hours worked. The number and identity of other plaintiffs yet to opt-in may be determined from ProLogistix's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

21. Plaintiff brings Counts II through IV as a class action under Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former forklift operators employed by ProLogistix that worked in warehouse and shipping facilities operated by Schenker, Inc. and UTi Worldwide, Inc. in Edwardsville, Illinois within the applicable statutes of limitations.

22. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

23. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23(a) & (b)(3).

24. The Class satisfies the numerosity standards because it consists of over six hundred persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

25. Questions of law and fact common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from ProLogistix's actions include, without limitation, the following:

    (a)    Whether ProLogistix failed to pay Class members wages and overtime required under 820 ILCS § 105/1 *et* seq.;

    (b)    Whether ProLogistix failed to fully and accurately record the hours worked by Class members as required under 820 ILCS § 105/8;

    (c)    Whether contracts existed between ProLogistix and Class members requiring payment of wages;

    (d)    Whether ProLogistix breached and violated contracts with Class members by failing to pay required wages for time worked; and

    (f)    Whether ProLogistix has been unjustly enriched by its failure to pay Class members for time worked.

26. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

27. Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or substantially similar forklift operator positions as Plaintiff and the Class was subject to the same unlawful practices as Plaintiff.

28. Plaintiff is an adequate representative of the Class because his interests as a member of the Class do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour and class action litigation.

29. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count I: Violation of the Fair Labor Standards Act of 1938

30. Plaintiff reasserts and re-alleges the allegations set forth above.

31. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

32. The FLSA regulates, among other things, the payment of wages for regular hours and overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

33. ProLogistix is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

34. ProLogistix violated the FLSA by failing to pay for overtime worked. In the course of perpetrating this unlawful practice, ProLogistix also failed to keep accurate records of all hours worked by its employees.

35. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

36. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, ProLogistix is applying the same unlawful compensation policy to all its forklift operators at the Edwardsville Facilities.

37. Plaintiff and all similarly situated employees are entitled to damages equal to pay for all overtime hours worked and the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because ProLogistix acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

38. ProLogistix has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that ProLogistix is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

39. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by ProLogistix from Plaintiff and all similarly situated employees. Accordingly, ProLogistix is liable for regular and overtime wages under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against ProLogistix and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Illinois Minimum Wage Law

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

42. The IMWL regulates, among other things, the payment of regular and overtime wages by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

43. During all times relevant to this action, ProLogistix was the "employer" of Plaintiff and the Class within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

44. During all times relevant to this action, Plaintiff and the Class were ProLogistix's "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

45. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiff or the Class. 820 ILCS § 105/3(d).

46. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. 820 ILCS § 105/4a(1).

47. ProLogistix, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and other similarly situated employees regular and overtime wages required under the IMWL law. 820 ILCS § 105/4a(1). In the course of perpetrating these unlawful practices, ProLogistix has also failed to keep accurate records of the hours worked each day and each workweek by its employees as required under the IMWL. 820 ILCS § 105/8.

48. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Class members ProLogistix supplies at the Edwardsville Facilities.

49. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime wages due within three (3) years preceding the filing of this Complaint plus periods of equitable tolling. 820 ILCS § 105/12(a).

50. Plaintiff and all similarly situated employees are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

51. Plaintiff and the Class are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

52. ProLogistix is liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against ProLogistix and request: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre- and post-judgment

interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III – Breach of Contract

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. During times relevant, Plaintiff and all others similarly situated entered into contracts with ProLogistix in which they agreed to perform employment services as part of their employment by ProLogistix and ProLogistix agreed to compensate such persons for all time worked based on specified hourly rates of regular and overtime pay (hereinafter "the Contracts").

55. ProLogistix breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for all time worked.

56. Prior to ProLogistix's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

57. As a direct result of ProLogistix's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

58. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime compensation earned within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

59. Plaintiff and the Class are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated employees demand judgment against ProLogistix and request: (1) compensatory damages; (2) pre- and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count IV – Unjust Enrichment

60. Plaintiff reasserts and re-alleges the allegations set forth above.

61. Plaintiff and others similarly situated provided employment services to ProLogistix and thereby conferred benefits on ProLogistix.

62. ProLogistix appreciated the benefits and / or had knowledge of the benefits.

63. ProLogistix accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

64. ProLogistix has thereby been unjustly enriched and / or Plaintiff and others similarly situated have been damaged.

65. Plaintiff and all similarly situated employees are entitled to recovery in quantum meruit equal for all unpaid wages and overtime compensation due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

66. Plaintiff and the Class are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated employees demand judgment against ProLogistix and request: (1) compensatory

damages; (2) pre- and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: June 9, 2015 Respectfully submitted,

**PAUL McINNES LLP**
Richard M. Paul III
(pro hac vice application forthcoming)
Jack D. McInnes
(pro hac vice application forthcoming)
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
paul@paulmcinnes.com
mcinnes@paulmcinnes.com

**WEINHAUS & POTASHNICK**
      /s *Mark Potashnick*
Mark A. Potashnick (IL Bar # 6271083)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**