IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD WYMS, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>STAFFING SOLUTIONS  )<br>SOUTHEAST, INC.,  )<br>)<br>Defendant.  ) | Case No. 15-cv-0643-MJR-PMF |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On June 9, 2015, Harold Wyms filed a class and collective action complaint against Staffing Solutions, Inc. The complaint says that Staffing Solutions supplies hourly forklift operators like Wyms to warehouse facilities operated by Schenker, Inc., and UTI Worldwide, Inc., in Edwardsville, Illinois. According to the complaint, Staffing Solutions pays the workers assigned to those facilities for the time that they worked there but it didn't pay them enough—the Schenker and UTI Worldwide forklift operators were not paid for the preparatory tasks that they completed at the beginning of their shifts. Wyms' complaint included a Fair Labor Standards Act opt-in collective action as well as class action claims under Illinois law. His putative class included himself and a number of other current and former forklift operators employed by Staffing Solutions that worked at Schenker and UTI Worldwide.

On March 17, 2016, the parties met with United States Magistrate Judge Philip M. Frazier, who was able to work out a preliminary settlement. Owing to the fact that the

Court must approve collective and class action settlements, *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the undersigned held a teleconference with the parties on April 29, 2016. To get the case on track for a final review hearing, the Court directed Wyms to submit his preliminary motion for settlement approval on May 18, 2016. Wyms has submitted that motion but the parties have filed a joint motion to seal it and the settlement agreement, and that motion to seal is now before the Court for review.

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Comm., Inc.*, 435 U.S. 598, 597 (1978); *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access insures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley In'tl, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are exceptions to the public access rule but they are narrow—litigation "must be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). To make sure these exceptions aren't abused, the party or parties asking to seal a court document must expressly lay out the need for secrecy. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Wyms and Staffing Solutions offer two reasons for sealing the settlement agreement, but both fall flat. They first flag that the settlement agreement contains a confidentiality clause, but the mere fact that the parties agreed to keep matters mum can't alone override the interest of the public—that kind of hole would render the right to public documents a dead letter. *E.g., Goessel*, **738 F.3d at 833**; *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, **800 F.2d 339, 344 (3d Cir. 1986);** *Miles v. Ruby Tuesday, Inc.*, **799 F. Supp. 2d 618, 624 (E.D. Va. 2011).** Both parties also maintain that they hold "financial and business reasons" for keeping the settlement agreement from public view: the plaintiff's counsel doesn't want defendants in other cases to know his terms for fear they will be used to extricate a lower settlement in the future, and the defendant doesn't want the word out for fear the settlement amount will be used to get more money in a later case. The rub is that those generalized reasons have been rejected by the Seventh Circuit before, *Goessel*, **738 F.3d at 833**, and either way those interests aren't weighty enough to override the public's interest in knowing that large party Fair Labor Standards Act cases are settled on fair terms. *E.g., Adams v. Bayview Asset Mgmt., LLC*, **11 F. Supp. 3d 474, 477 (E.D. Pa. 2014);** *Bouzzi v. F & J Pine Restaurant, LLC*, **841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012);** *Miles*, **798 F. Supp. 2d at 624.** The parties cite two unpublished decisions from district courts that allowed Fair Labor Standards Act settlement agreements to be sealed because the parties agreed to it, but the Court doesn't find those decisions all that persuasive—they don't refute the reasoning in *Goessel*, and they don't deal with the authority going the other way.

So the motion to seal (Doc. 39) must be **DENIED**.  That said, because the parties have signed a settlement agreement with a confidentiality provision, it would be premature to review the agreement for preliminary approval now—either side might wish to withdraw the settlement agreement and proceed with litigation.  That wouldn't make much sense, given that any trial would involve similar public scrutiny and the parties seem so close to resolving their dispute, but both parties have that choice.  The parties are **DIRECTED** to file an appropriate notice indicating whether they wish to proceed with settlement notwithstanding the denial of the sealing request, or whether any party wishes to withdraw the agreement and proceed with the case.  If no party requests withdrawal of the settlement agreement within seven days of the entry of this order, the Court will remove the seal and proceed with the preliminary approval analysis.  The documents filed under seal will remain that way in the interim.

**IT IS SO ORDERED.**

**DATED:  June 15, 2016**

/s/ **Michael J. Reagan**  
**Chief Judge Michael J. Reagan**  
**United States District Court**