IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAROLD WYMS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-cv-0643-MJR-PMF |
| STAFFING SOLUTIONS SOUTHEAST, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Staffing Solutions Southeast, Inc., is a staffing company that places logistics workers into temporary positions at various warehousing outfits and then pays them for the temporary work done for those outfits.  It placed Harold Wyms and a number of other forklift operators into jobs at an Edwardsville facility operated by another company, but allegedly didn't pay those workers enough for the time they worked there—the forklift operators were purportedly not paid for some of the preparatory work done at the start of their shifts.  In 2015, Wyms filed a class and collective action complaint against Staffing Solutions, alleging that its failure to pay Wyms and other forklift operators for pre-shift work ran afoul of federal and state law.

With the aid of Judge Frazier, the parties have settled this case, and Wyms has since submitted a motion for preliminary approval of the group settlement and a motion to certify the Rule 23 class and the Fair Labor Standards Act collective action for settlement purposes.  For the reasons below, the motions are denied without prejudice.

## Background

Harold Wyms was a forklift operator assigned and paid by a staffing company, Staffing Solutions Southeast, Inc., to work at a large warehousing facility in Edwardsville, Illinois that was previously operated by UTi Worldwide, Inc., and is now operated by Schenker, Inc. Wyms worked at the facility from March 2011 to July 2012 under the formal employ of Staffing Solutions. On June 9, 2015, Wyms filed a class action and collective action complaint against Staffing Solutions, claiming that Staffing failed to pay him and other similar forklift operators for the time the workers spent locating forklifts, performing mandatory inspections, completing inspection documents, and performing other pre-shift tasks at the warehouse, all in violation of the Fair Labor Standards Act and Illinois law. Wyms sought to represent an opt-in Fair Labor Standards Act collective action consisting of all Staffing Solutions forklift operators employed at the Edwardsville facility who consented to join the case, and he sought to represent a Rule 23 class on the state law claims consisting of all current and former forklift operators who worked at the same facility within the statute of limitations.

Early in the case, Wyms and Staffing Solutions explored a possible settlement. They served initial disclosures but stayed the lion's share of discovery, opting instead to exchange information needed to calculate the value of the class and collective claims. To further settlement, Staffing Solutions produced payroll and employment data for 855 forklift operators it employed at the Edwardsville facility during the time period allowed by the statute of limitations. Wyms then converted that data into spreadsheet calculations which it used to evaluate damages, and the parties attempted to negotiate a

2

settlement.   Those preliminary talks failed, so the parties requested a settlement conference before Magistrate Judge Frazier.  Judge Frazier's efforts were more fruitful, and the parties agreed to compromise and settle all of the wage and hour claims.

After the settlement conference with Judge Frazier, the parties entered into a formal settlement agreement.  Staffing Solutions agreed to create a settlement fund in the amount of one-hundred thousand dollars—inclusive of attorneys' fees and costs, a service award in the amount of $2,000 to Wyms for his work as class representative, payroll taxes on a portion of the award allocated to wage recovery, and any administrative costs linked to the settlement.  The fund would be distributed to class members using a formula based mainly on eligible weeks worked during the class period and wage rates earned during that period.  Each of the class members would receive a minimum five dollar recovery for his or her wage claim, with an average recovery of seventy-two dollars per class member.   The settlement agreement contemplated notice to the class, and the agreement and the proposed notice stated that any class member who didn't opt out of the settlement would release all of the claims that were brought in the suit or that could have been brought in the suit, including those raised under the Fair Labor Standards Act and those raised under Illinois law.

In May 2016, Wyms filed a consent motion to certify a Rule 23 class action and Fair Labor Standards Act collective action for settlement purposes, as well as an unopposed motion for approval of the Fair Labor Standards Act collective action settlement and preliminary approval of the Rule 23 class action settlement.   The settlement approval motion was accompanied by a joint motion to seal—the parties

maintained that the settlement agreement should remain secret because the settlement agreement had a confidentiality clause and because open disclosure could imperil both an employee's and an employer's ability to settle future cases.  The Court denied the motion to seal in June 2016 and directed the parties to indicate whether they wished to proceed with the settlement despite a lack of secrecy.  The parties have jointly indicated that they still wish to proceed with the settlement, so the class and collective certification motion and the settlement approval motion are now ripe for review.

## Discussion

The Court will begin with the preliminary settlement approval matter, as the resolution of that motion will temporarily moot the need to definitively rule on class certification for settlement purposes.  District courts are duty bound to evaluate a settlement in a Rule 23 class action case for fundamental fairness, both by way of a preliminary evaluation prior to notice and a final fairness evaluation after notice is provided to class members and any objections are heard.  *In re General Motors Corp.*, **594 F.2d 1106, 1124 (7th Cir. 1979).**  A similar examination is required for Fair Labor Standards Act collective action settlements.  *E.g., Cheeks v. Freeport Pancake House, Inc.*, **796 F.3d 199, 206 (2d Cir. 2015);** *Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div.*, **679 F.2d 1350, 1355 (11th Cir. 1982);** *Selk v. Pioneers Mem. Healthcare Dist.*, **— F. Supp. 3d —, 2016 WL 519088, at \*3 (S.D. Cal. Jan. 29, 2016).**  Fairness examinations tend to focus on the settlement amount, but the assessment also includes a look at the other terms of the settlement agreement, including the scope of any release of claims.  *E.g., Moulton v. United States*

*Steel Corp.*, 581 F.3d 344, 349-50 (6th Cir. 2009); *Staton v. Boeing Co.*, 327 F.3d 938, 962 (9th Cir. 2003); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002).

In hybrid actions involving both a Fair Labor Standards Act collective action and a Rule 23 class action, the release matter can get a bit tricky given the differences between the class and collective action mechanisms. Rule 23 class actions operate on an opt-out system—if a class member fails to opt out of the settlement, he usually receives his share of the recovery and releases all of his claims covered in the complaint. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997). On the other hand, in a Fair Labor Standards Act collective action, a litigant can only release his federal labor claim by opting in to the case—if he doesn't opt in, he retains his right to sue in the future regardless of the disposition of other parties' federal wage claims. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Settlements in hybrid Fair Labor Standards Act collective actions and Rule 23 state wage class actions need to account for these differences by limiting the release in the settlement agreement and clearly explaining the options available to class and collective members in the notice. *See, e.g., Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 608 (E.D. Cal. 2015); *Leap v. Yoshida*, No. 14-3650, 2015 WL 619908, at *2 (E.D. Pa. Feb. 12, 2015); *McClean v. Health Sys., Inc.*, No. 11-3037, 2013 WL 594204, at *2-3 (W.D. Mo. Feb. 15, 2013); *Butler v. Am. Cable & Telephone LLC*, No. 09-5336, 2011 WL 2708399, at *10 (N.D. Ill. July 12, 2011).

The proposed settlement release in this hybrid Fair Labor Standards Act and state law class case doesn't account for the differences between an opt-in and opt-out regime. The settlement agreement says that all of the forklift operator class members

5

who don't opt out of the class "shall be deemed to have released [Staffing Solutions] . . .
from any and all claims, demands, rights, liabilities and causes of action brought in [this
lawsuit], including but not limited to . . . any and all claims under the Fair Labor
Standards Act."  The proposed notice confirms the scope of the intended release, stating
that class members who do nothing in response to the notice will automatically receive
a recovery, and in doing so will be "bound by the terms set forth in the Settlement,
including a release of claims that will prevent you . . . from separately suing [Staffing
Solutions] . . . for all wage and hour claims existing at the time of Court approval of the
settlement."  The notice goes on to advise class members that "all claims asserted in the
Litigation will be dismissed with prejudice, meaning that those claims can never again
be asserted by any Class Member who does not opt out."  That section of the notice then
quotes the release from the settlement, which covers Fair Labor Standards Act claims.
Because those federal claims can't be released unless a party opts in to the case, the
Court is unable to approve the settlement and its release at this time.  The parties are
free to redraft their agreement to fix this problem, and in doing so they should be
sensitive to (and re-familiarize themselves with) the complexities presented by hybrid
Fair Labor Standards Act and Rule 23 cases and the settlements of those cases.

There is one other problem with the motion for preliminary approval that Wyms
might want to consider before submitting a new approval request.  One of the main
tasks for the Court at the settlement review stage is to determine whether the settlement
amount is fair.  Wyms concedes that the settlement amount here differs from his initial
valuation of the case, but he doesn't provide much in the way of detail concerning his

early estimate of the class members' loss and why the ultimate settlement amount is a proper balance given the potential total recovery and the risks of litigation. *See Sharobiem v. CVS Pharmacy*, **No. 13-9426, 2015 WL 10791914, at \*2 (C.D. Cal. Sept. 2, 2015).** The Court would benefit from more detailed briefing on that point in the future.

With the settlement approval matter resolved for now, that only leaves Wyms' motion to certify the Rule 23 class and Fair Labor Standards Act collective action. Because the parties will need to revise the settlement agreement to comport with the release problems mentioned above and because the class definitions may change slightly during that process, the Court will deny the motion for settlement-related certification for now. Wyms can submit a new motion for class and conditional collective certification alongside his new motion for preliminary settlement approval.

## Disposition

Because of the defects in the release of claims, the motion for approval of the Fair Labor Standards Act collective action settlement and preliminary approval of the Rule 23 class action settlement (Doc. 37) is **DENIED without prejudice**. Wyms is **DIRECTED** to submit a new motion for preliminary settlement approval by Tuesday, September 6, 2016, or otherwise advise the Court as to whether the case remains settled. The consent motion to certify the class and collective action for settlement purposes (Doc. 42) is also **DENIED without prejudice**, with leave to resubmit alongside a new motion for preliminary approval of any settlement agreement. The deadlines and hearings put forth in the Court's settlement scheduling order (Doc. 35) are **VACATED**, and will be reset once a new motion for preliminary settlement approval is filed.

IT IS SO ORDERED.

DATED:  July 12, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**