IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD WYMS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    Case No. 15-cv-0643-MJR-PMF<br>) |
| STAFFING SOLUTIONS SOUTHEAST, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Staffing Solutions Southeast, Inc., which does business as ProLogistix, is a staffing company that places workers into temporary positions at various warehousing outfits and then pays them for the temporary work done for those companies. It placed Harold Wyms and a number of other forklift operators into jobs at an Edwardsville facility operated by another company, but allegedly didn't pay those workers enough for the time they worked there—the forklift operators were purportedly not paid for some of the preparatory work done at the start of their shifts. In 2015, Wyms filed a class and collective action complaint against ProLogistix, alleging that its failure to pay Wyms and other forklift operators for pre-shift work ran afoul of federal and state law.

With the aid of Judge Frazier, the parties have settled this case, and Wyms has since submitted a motion for preliminary approval of the state class settlement, a motion for approval of the Fair Labor Standards Act settlement as to Wyms alone, a

motion for notice approval, and a motion to certify the state class for settlement. Subject to the notice modifications laid out below, all of the motions will be granted.

## Background

Harold Wyms was a forklift operator assigned and paid by ProLogistix, a staffing company, to work at a large warehousing facility in Edwardsville, Illinois that was previously operated by UTi Worldwide, Inc., and is now operated by Schenker, Inc. Wyms worked at the facility from March 2011 to July 2012 under the formal employ of ProLogistix. On June 9, 2015, Wyms filed a class action and collective action complaint against ProLogistix, claiming that it failed to pay him and other similar forklift operators for the time the workers spent locating forklifts, performing inspections, completing documents, and performing other pre-shift tasks, all in violation of the Fair Labor Standards Act and Illinois law. Wyms sought to represent an opt-in Fair Labor Standards Act collective action consisting of all ProLogistix forklift operators employed at the Edwardsville facility who consented to join the case, and he sought to represent a Rule 23 class on the Illinois state law claims consisting of all current and former forklift operators who worked at the same facility within the statute of limitations period.

Early in the case, Wyms and ProLogistix explored a possible settlement. They served initial disclosures but stayed the lion's share of discovery, opting instead to exchange information needed to calculate the value of the class and collective claims. To further settlement, ProLogistix produced payroll and employment data for 855 forklift operators it employed at the Edwardsville facility during the time period allowed by the statute of limitations. Wyms then converted that data into spreadsheet

calculations which it used to evaluate damages, and the parties attempted to negotiate a settlement. Those preliminary talks failed, so the parties requested a settlement conference before Magistrate Judge Frazier. Magistrate Judge Frazier's efforts were more fruitful, and the parties agreed to compromise and settle the case.

After the settlement conference with Judge Frazier, the parties entered into an initial settlement agreement. That agreement said, among other things, that any member of the Illinois state law class action who didn't opt out of the settlement would release all of the claims that were brought in the suit or that could have been brought in the suit, including those raised under the Fair Labor Standards Act and those raised under Illinois law. The Court denied the motion for preliminary approval without prejudice in July 2016, flagging to the parties that the members of the Illinois class couldn't release their Fair Labor Standards Act claims merely by failing to opt out of the class action—the Fair Labor Standards Act puts forth an opt-in regime, so any person in the class who wished to settle their federal claim would need to opt in to the suit.

In late July 2016, the parties met and conferred again concerning settlement, and then signed a revised agreement. The revised settlement agreement contemplates a settlement of the Illinois class claims; it excludes Fair Labor Standards Act claims from the ambit of the release for everyone but the named plaintiff, Harold Wyms. (Wyms, who has obviously opted into the suit, wants the Court to approve his own settlement of his federal claim.) The parties have agreed to settle the Illinois class members' state law wage and hour claims through a settlement fund created by ProLogistix in the amount of $100,000.00, inclusive of attorneys' fees and costs, a service award to lead

3

plaintiff Wyms, payroll taxes on a portion of the award allocated to wage recovery, and any administrative costs associated with the settlement. The fund will be distributed to class members based on an equitable formula linked to eligible weeks that each member worked during the class period and wage rates earned during that time period.

After the parties entered into the revised settlement, Wyms filed a consent motion to certify a Rule 23 class action, as well as an unopposed motion for preliminary approval of the class action settlement, approval of the Fair Labor Standards Act settlement as to Wyms, and approval of the notice to be sent to the Illinois class members. All of those requests are now before the Court for review.

## Discussion

The Court will begin with Wyms' motion to certify the Illinois state law class for settlement purposes. The fact that the parties have reached a settlement is a relevant consideration in any decision to certify a class for settlement purposes, *Smith v. Sprint Comm. Co.*, 387 F.3d 612, 614 (7th Cir. 2004), but it isn't the only one—a court cannot "abandon the Federal Rules merely because a settlement seems fair, or even [because] the settlement is a 'good deal.'" *Uhl. v. Thoroughbred Technology & Telecommunications, Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). Rather, to be entitled to class certification, a plaintiff like Wyms must satisfy each of the requirements of Federal Rule of Civil Procedure 23(a)—namely numerosity, commonality, typicality, and adequacy of representation—along with one subsection of Federal Rule of Civil Procedure 23(b). *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009).

The parties have stipulated to a class comprised of "all current and former forklift operators employed by ProLogistix at the Edwardsville facilities from June 9, 2012 until the date the Court enters its order granting preliminary approval" of the settlement agreement, and that class clears Rule 23(a)(1)'s requirement that the proposed class be so numerous that joinder of all persons is impracticable. Although there is no bright line test for numerosity, courts typically deem joinder impracticable where the class members number forty or more. *See Chandler v. S.W. Jeep-Eagle, Inc.*, **162 F.R.D. 302, 307 (N.D. Ill. 1995).** In this case, there are 855 members of the class, and that's a large enough group to justify employing the class device.

The class also clears the Rule 23 requirements that class members share common questions of law or fact and that the plaintiff's claim be typical of the class. A "common nucleus of operative fact is usually enough to satisfy the commonality requirement" of Rule 23, and that kind of nucleus is typically present when the defendants have "engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, **149 F.3d 589, 594 (7th Cir. 1998).** All of the class members in this case held similar job positions, all of them were subject to the same time-keeping and payment policies, and all of them were purportedly subject to "ready to work" and "rounding" practices that deprived them of pay. Given that the same policies were applied to all of the class members, commonality is satisfied. In addition, since Wyms' claims are based on the same course of conduct and the same theory as the claims of the class members—namely a loss caused by ProLogistix' time-keeping practices—the typicality requirement is cleared. *See Rosario v. Livaditis*, **963 F.2d 1013, 1018 (7th Cir. 1992).**

5

Over and above the typicality, commonality, and numerosity requirements, Rule 23(a) also requires that the class representative be able to fairly and adequately protect the interests of the entire class.  Class adequacy is composed of two parts:  the adequacy of the named plaintiff's counsel and the adequacy of representation provided by the named plaintiff in protecting the different, separate, and distinct interests of the putative class members.  *Sec'y of Labor v. Fitzsimmons*, **805 F.2d 682, 697 (7th Cir. 1986) (en banc).**  "The adequacy of representation prong is often concerned with avoiding conflicts of interest between the class representatives and the rest of the class."  *Hyderi v. Washington Mut. Bank, FA*, **235 F.R.D. 390, 396 (N.D. Ill. 2006).**

The adequacy requirements are satisfied here.  Wyms' claims don't conflict with the claims of the settlement class; rather, Wyms has represented the class cooperatively and effectively from the pre-complaint investigation stage through the course of the litigation.  Because Wyms possesses the same interest as the other class members and has suffered roughly the same alleged injury, the Court designates him as class representative.  In addition, Wyms' lawyers—Richard Paul, Jack McInnes, and Mark Potashnick—hold substantial experience in class action litigation and employment matters, and have successfully litigated numerous claims like this one in this Court and in others across the country.  Those lawyers meet Rule 23's adequacy requirements.

With the four Rule 23(a) requirements satisfied, the remaining question is whether certification is proper under Rule 23(b).  Rule 23(b)(3) allows for certification where the requirements of Rule 23(a) have been satisfied and where the Court finds that "questions of law or fact common to all members of the class predominate over any

6

questions affecting only individual members" and that a "class action is superior to other available methods for resolving the controversy."  Those last two requirements are met here.  As to predominance, all of the claims in this case concern whether ProLogistix required its operators to work off the clock prior to their shifts and whether ProLogistix rounded away time worked by its employees.  There will be individual questions concerning damages separate from those liability points, but the liability questions loom far larger than the discrete damages matters, and thus predominance is satisfied.  As to superiority, the amount each plaintiff stands to gain in this case is small, meaning that there doesn't seem to be much incentive for individual class members to litigate on their own.  That point renders a class action the better device.  In addition, there doesn't appear to be any proceeding already commenced dealing with the class' damages, there doesn't seem to be any handicap in concentrating the suit in this forum, and there are few, if any, difficulties in managing this case as a class action, especially given that the case has now settled.  *Sprint*, **387 F.3d at 614.**

With all of the class prerequisites satisfied, the settlement class can be certified.  The next question is whether the class settlement agreement should be preliminarily approved.  District courts are duty bound to evaluate a settlement in a Rule 23 class action case for fundamental fairness, both by way of an initial evaluation prior to notice and a final fairness evaluation after notice is provided to class members and any objections are heard.  *In re General Motors Corp.*, **594 F.2d 1106, 1124 (7th Cir. 1979).**  The initial examination is a bit less strenuous than the final fairness assessment—at the

7

early stage, the Court need only determine whether the settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

A number of points can help to guide a judge's preliminary fairness assessment. Those include the strength of the plaintiffs' case compared to the terms of the proposed settlement; the likely complexity, length, and expense of continued litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery that has been completed. *See Butler v. Am. Cable & Telephone, LLC*, No. 09-cv-5336, 2011 WL 4729789, at *9 (N.D. Ill. Oct. 6, 2011). These factors counsel in favor of preliminary approval. While the class' lawyers valued the case at a maximum of $189,814.97, the settlement of $100,000.00 looks to be a good compromise result—it represents a middle ground between both sides' maximum damages calculations; it takes into account the risks to the plaintiffs that would have accompanied protracted litigation, including likely testimony from ProLogistix that it never violated the wage and hour laws at all; and it provides certain recovery to each class member now rather than uncertain recovery later. The Court is not aware of any opposition to the settlement as yet, and the class' lawyers—who have negotiated similar settlements involving the companies that the class members worked for after their temporary work at ProLogistix—have represented that the settlement is fair. The only real factor swinging against approval is the fact that the settlement came early in the case, but a closer look shows that the settlement came after significant disclosures between the parties concerning damages and came after the involvement of a magistrate in settlement talks between the parties.

Taking all of the circumstances together, the Court is of the view that the settlement is sufficiently within the range of reasonableness to warrant preliminary approval.[1]

With preliminary approval resolved, the Court must assess the notice and the procedures for notice to the class submitted by Wyms. The federal rules lay out a number of prerequisites for class notice. The lead plaintiff must provide "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). In addition, the notice must be straightforward and must accurately lay out the proposed settlement—it must "concisely and clearly state in plain, easily understood language" the "nature of the action," the "definition of the class certified," and the "class claims, issues, or defenses." *Id.* The notice must also state that a "class member may enter an appearance through counsel," that the court "will exclude from the class any member who requests" it, and that the class judgment has "binding effect." *Id.*

The notice here satisfies almost all of these requirements, but it has an error concerning the scope of the class release—an error that seems to have been caused by counsel's failure to fully modify the first draft of the notice to comport with the revised

---

[1] The service award of $2,000 to lead plaintiff Harold Wyms also appears to be fair, at least at the preliminary approval stage. These kinds of service incentive awards are common—they are designed to provide minimal compensation to the lead plaintiff for helping to prosecute the case and for subjecting himself to the slight risk of being made liable for sanctions or fees should the suit go awry. *Hawkins v. Securitas Sec. Servs., USA*, 280 F.R.D. 388, 395 (N.D. Ill. 2011). Wyms took it upon himself to obtain counsel and to initiate this action, and he helped the putative class lawyers investigate the claims, draft the complaint, grasp the facts, and negotiate a resolution. The class has benefited from his actions and the settlement likely wouldn't have happened without him, so a modest service award looks to be appropriate.

9

settlement agreement. Unlike the initial settlement agreement, the revised settlement agreement expressly states that the Illinois state class members' Fair Labor Standards Act claims aren't being released by virtue of the class settlement agreement, regardless of whether they opt out of the Illinois class. The notice, however, states that the settlement will "resolve all claims made against ProLogistix on behalf of forklift operators in connection with the Litigation." **(Proposed Notice at 1.)** The notice goes on to say that, if a class member does nothing and chooses to receive her award, she will be "bound by all terms set forth in the Settlement, including a release of claims that will prevent [her] . . . from separately suing ProLogistix . . . for all wage and hour claims existing at the time of Court approval of the settlement, whether known or unknown." **(Id. at 2.)** The notice finally states, when summarizing the release for all class members, that the settlement "provides that all claims asserted in the Litigation will be dismissed with prejudice," and then quotes the release from the initial settlement agreement (and not the revised settlement agreement between the parties). **(Id. at 4.)**

Wyms is directed to make the following adjustments to the notice to comport with the current version of the settlement agreement. The first provision referenced above should state that the settlement will "resolve all claims made against ProLogistix on behalf of forklift operators in connection with the Litigation, other than those expressly premised on the Fair Labor Standards Act." The second provision referenced above should state that, if a class member does nothing and chooses to receive her cash award, she will be "bound by all terms set forth in the Settlement, including a release of claims that will prevent [her] . . . from separately suing ProLogistix . . . for all wage and

hour claims existing at the time of Court approval of the settlement, whether known or unknown to you at the time. There is an exception for claims that are expressly premised on the Fair Labor Standards Act; those claims are not released even if you remain a member of the settlement class." The final provision should state that "all Illinois Minimum Wage Law claims asserted in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Class Member who does not opt out." The block quotation in the notice with the release from the settlement agreement should also be updated to reflect the current release, which excludes claims of class members under the Fair Labor Standards Act. Subject to those modifications, the notice satisfies Rules 23 and is approved for dissemination.

One closing note is in order concerning lead plaintiff Harold Wyms—as a part of the motion for preliminary class settlement approval, Wyms has asked the Court to approve his individual settlement of his Fair Labor Standards Act claim. To ensure that workers aren't ending wage cases for less than they are due, the Fair Labor Standards Act requires courts to conduct a fairness review of a plaintiff's federal settlement. *See Wolinsky v. Scholastic, Inc.*, **900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012).** Given the information disclosed in the motion for approval and the reasons advanced by Wyms in that motion, the Court finds that Wyms' settlement is fair and reasonable.

## Disposition

For the reasons set forth above, the Court **GRANTS** the consent motion to certify for settlement purposes (Doc. 53), and **CERTIFIES** a class consisting of "all current and former forklift operators employed by ProLogistix at the Edwardsville Facilities from

June 9, 2012 until October 28, 2016." The Court **APPOINTS** Harold Wyms as Class Representative, and **APPOINTS** Richard Paul, III, Jack McInnes, and Mark Potashnick as Class Counsel. This certification of the class, the class representative, and the class counsel are solely for purposes of effectuating the settlement in this case.

Finding the proposed settlement to be within the range of possible approval, the Court **GRANTS** the motion for approval (Doc. 47), and **PRELIMINARILY APPROVES** the settlement agreement. This determination is not final, but rather permits cause to submit the settlement agreement to the class members and to hold a final hearing to consider the fairness of the settlement. In addition, the Court **GRANTS** Wyms' motion (Doc. 47) for individual approval of his Fair Labor Standards Act settlement.

The Court **APPROVES**, subject to the modifications laid out above, the proposed notice and notice plan submitted by Wyms. Notice shall be provided to the class members no later than **November 28, 2016**. The Court **ORDERS** any member of the settlement class who wishes to exclude himself or herself from the settlement class to submit an appropriate, timely request for exclusion, in accordance with the terms set forth in the settlement agreement, postmarked no later than **January 30, 2017**, to the settlement administrator at the address on the notice. Any class member who does not submit a timely, written request for exclusion from the settlement class shall be bound by any order, judgment, or release entered in this lawsuit as to the settlement.

Any settlement class member who wishes to object to the settlement or appear at the final approval hearing must do so in accordance with the procedures set forth in the settlement agreement. Objections, notice, and written statements of appearance must

12

be filed no later than **January 30, 2017**. Any class member who does not properly and timely object to the settlement in accordance with the procedures set forth in the settlement agreement shall be deemed to have waived such objection and shall be barred from raising any objections to the fairness, adequacy, or reasonableness of the terms of the settlement agreement; to counsel's request for attorneys' fees; and to any other matters pertaining to the settlement or to this lawsuit.

A final fairness hearing is **SET** for **Thursday, March 23, 2017, at 9:30 AM in the East Saint Louis Courthouse**, to consider and finally determine whether the settlement should be approved by the Court as fair, reasonable, and adequate; whether attorney's fees and reimbursement of expenses should be awarded to class counsel; and whether a final order and judgment should be entered. The Court reserves the right to adjourn or continue the final hearing, or any adjournment or continuance thereof, without further notice other than announcement at the final fairness hearing or at the adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by counsel and defense counsel without further notice.

Papers in support of the final approval of settlement and any application by class counsel for an award of fees shall be filed with the Court on or before **February 23, 2017**. Those filings should also address the propriety of any objections filed by class members.

    **IT IS SO ORDERED.**

    DATED:  October 28, 2016

    /s/ **Michael J. Reagan**
    **Chief Judge Michael J. Reagan**
    **United States District Court**