UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD WYMS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 15-cv-643-MJR-RJD |
| STAFFING SOLUTIONS SOUTHEAST, INC. d/b/a PROLOGISTIX, | ) ) ) ) ) |
| Defendant. | ) |

ORDER APPROVING
RULE 23 CLASS SETTLEMENT

REAGAN, Chief Judge:

Before the Court is Plaintiff's Unopposed Motion for Approval of Class Action Settlement, Including Release of Named Plaintiff's FLSA Claim (Doc. 55). In October 2016, the Court preliminarily approved the proposed settlement and approved a form of notice to the class (Doc. 54). The Court conducted a fairness hearing on March 23, 2017. No one appeared to voice any objections to the settlement. At the hearing, the terms of the settlement were discussed in detail with the parties. The Court found that the settlement was a good compromise and represented a fair middle ground that would all the parties to avoid protracted litigation that was likely to require expensive expert witness testimony and to lead to the parties incurring high costs. Having fully and carefully reviewed the motion and supporting documentation, the Court finds that the parties' proposed resolution was negotiated at arm's length and is a fair, reasonable,

and adequate resolution of a *bona fide* dispute in contested litigation. The Court approves the proposed settlement, and the unopposed motion (Doc. 55) is **GRANTED**. Accordingly, the Court makes the following findings and conclusions:

1.      The Court has subject matter jurisdiction over this action pursuant to XXX;

2.      The Court has considered and applied the factors set forth in ***Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)**, and has concluded that the settlement is fair, reasonable, and adequate;

3.      The Court finds that the parties' settlement distribution formula is fair, adequate, and reasonable as to the named plaintiff and as to the Rule 23 settlement class members;

4.      The Court approves the specific disbursement and retention amounts agreed to by the parties;

5.      The incentive fee for the named plaintiff is appropriate, and the Court approves the incentive award provided for by the settlement agreement;

6.      The request for attorney's fees for class counsel is reasonable, customary, and consistent with prevailing case law;

7.      Class counsel's request for an award of fees in the amount of $33,333.33 and costs in the amount of $3,266.27, which the Court deems appropriate, are approved;

8.      The Rule 23 settlement class, consisting of 855 forklift operators assigned by Defendant to work at an Edwardsville, Illinois warehousing and distribution facility operated by Schenker, Inc. during the recovery period is certified;

9.      The Court permanently enjoins all members of the Rule 23 settlement class

who do not timely opt out from that class from prosecuting against Defendant any released claims;

10. The Court finds that only one member of the settlement class, John R. Williams, opted out of the settlement, and orders that he be excluded from the settlement;

11. The Court directs timely consummation of the terms and provisions of the settlement; and

12. The Defendant's remaining role in this litigation shall be to duly perform the duties and obligations expressly made under the parties' settlement agreement.

This litigation is **DISMISSED** on the merits and with prejudice. The Clerk of Court shall enter judgment.

**IT IS SO ORDERED**.

DATED: April 7, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**